IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FYR SFR BORROWER, and<br>PROGRESS RESIDENTIAL LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>LATOYA SHANAH MOULTRIE,<br>and All Other Occupants,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:24-cv-03958-SEG-LTW |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Defendant Latoya Shanah Moultrie, proceeding *pro se*, seeks to remove a dispossessory action from the Magistrate Court of Cobb County without prepayment of fees and costs and security therefore, pursuant to 28 U.S.C. § 1915(a)(1). [Docs. 1, 1-1]. Defendant satisfies the requirements of 28 U.S.C. § 1915(a)(1), and the Application for Leave to Proceed *in forma pauperis* is **GRANTED**. [Doc. 1]. But for the reasons provided below, the Court **RECOMMENDS** this action be **REMANDED** to the Magistrate Court of Cobb County.

## ANALYSIS

Twenty-eight U.S.C. § 1446(a) requires a defendant seeking removal of an action from state court to file with the notice of removal "a copy of all process,

pleadings, and orders" served upon her in the state court action. Defendant has not done so here. [Doc. 1-1]. Instead, Defendant has only attached to the notice of removal a copy of her dispossessory answer and the summons.[1] [Docs. 1, 1-1]. Defendant's failure to comply with the procedural requirements of § 1446(a) means her removal petition is not properly before this Court.

Even if Defendant had attached the required materials, no basis for removal exists. A defendant seeking to remove a case to federal court bears the burden of showing that removal is proper. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). In considering whether a defendant has satisfied this burden, courts "strictly construe[ ] the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013) (citation and internal quotation marks omitted). Here, Defendant Moultrie contends that removal is proper due to "Deprivation of right also no due process for

---

[1] Because Defendant has not filed Plaintiffs' state court complaint, the Court is unable to determine the substance of Plaintiffs' claim for relief or when the dispossessory action was filed. The documents attached to Defendant's notice of removal show that she was served with the summons in the state court dispossessory action on April 15, 2023, and she filed her dispossessory answer on April 17, 2023. [Doc. 1-1 at 2-3].

pro se infriengment [sic] on civil liability." [Doc. 1-1 at 1]. This is the entirety of Defendant's argument in support of removal.

As an initial matter, the removal is untimely. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1); see also id. § 1446(b)(2)(B) (providing that the "defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal"). In the present case, Defendant was served with the summons in the state court dispossessory action on April 15, 2023, and she filed her dispossessory answer on April 17, 2023. [Doc. 1-1 at 2-3]. Defendant, however, waited over a year, until September 4, 2024, to file her notice of removal in this case. [Doc. 1-1 at 1]. Accordingly, the removal violates 28 U.S.C. § 1446(b) based on a lack of timeliness, and this case is due to be remanded to the Magistrate Court of Cobb County. See Ace Homes, LLC v. Talia Prop. Mgmt. & Inv. Grp. LLC, No. 1:23-CV-00659-SCJ-WEJ, 2023 WL 2909173, at *1 (N.D. Ga.

3

Mar. 2, 2023), report and recommendation adopted as modified, No. 1:23-CV-00659-SCJ, 2023 WL 4047686 (N.D. Ga. Apr. 12, 2023).

Remand is also warranted because Defendant fails to allege any factual basis for federal subject matter jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see also Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001) ("Federal courts are courts of limited jurisdiction and are required to inquire into their jurisdiction at the earliest possible point in the proceeding."). The documents attached to Defendant's notice of removal establish that the underlying state court case is simply a dispossessory action. [Doc. 1-1 at 2-3]. No federal statute applies to the underlying state court claims to invoke federal question jurisdiction. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system. See O.C.G.A. § 44-7-50(a). "This is a tenant-eviction case that doesn't belong in federal court." Gundogdu v. WDF-4 Wood Harbour Park Owner, LLC, No. 21-61003-CIV, 2022 WL 2702624, at *1 (S.D. Fla. July 12, 2022).

The fact that Defendant alleges Plaintiffs deprived her of some unspecified right does not provide a basis for federal subject matter jurisdiction. [Doc. 1-1 at 1]. Nor does Defendant's unexplained assertion that there was "no due process" in the dispossessory proceeding. [Id.]. Whatever potential defenses or counterclaims

involving the Constitution or laws of the United States that Defendant might have, they do not create federal question jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Ervast v. Flexible Prod. Co., 346 F.3d 1007, 1012 (11th Cir. 2003). Because Defendant has not established a basis for the Court's jurisdiction, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Cobb County.

## CONCLUSION

For the foregoing reasons, the Application for Leave to Proceed in forma pauperis [Doc. 1] is **GRANTED**, but the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Cobb County pursuant to 28 U.S.C. § 1447(c).

As this is a final Report and Recommendation and there are no other matters pending before the Court, the Clerk is **DIRECTED** to terminate the reference to the undersigned.

**SO ORDERED, REPORTED AND RECOMMENDED**, this __9__ day of September, 2024.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE