UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FYR SFR BORROWER and PROGRESS RESIDENTIAL LLC, <br><br> Plaintiffs, <br><br> v. <br><br> LATOYA SHANAH MOULTRIE and All Other Occupants, <br><br> Defendants. | CIVIL ACTION NO. <br><br> 1:24-CV-3958-SEG |

# O R D E R

This matter is before the Court for consideration of the Magistrate Judge's Final Report and Recommendation ("R&R"). (Doc. 4.) The Magistrate Judge recommends that the case be remanded to the Magistrate Court of Cobb County, Georgia because Defendant Latoya Shanah Moultrie's removal petition failed to comply with the procedural requirements of 28 U.S.C. § 1446(a) and (b) and because this federal court lacks subject matter jurisdiction. Ms. Moultrie objects to this recommendation. (Doc. 8.)  Ms. Moultrie has also filed a motion seeking to consolidate this case with her previously filed case, Civil Action No. 1:24-cv-1923-SEG, *Moultrie v. FYR SFR Borrower LLC et al.* (Doc. 7.) After careful consideration, the Court enters the following order.

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). To challenge the findings and recommendations of the Magistrate Judge, a party must file with the Clerk of Court written objections which "shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). If timely and proper objections are filed, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). "[T]he district court will review those portions of the R&R that are not objected [to] under a clearly erroneous standard." *Liberty Am. Ins. Group, Inc. v. WestPoint Underwriters, L.L.C.,* 199 F.Supp.2d 1271, 1276 (M.D. Fla. 2001). After conducting a careful review of the findings and recommendations, a district judge may accept, reject, or modify the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1); *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010).

Ms. Moultrie's objection does not address the substance of the Magistrate Judge's R&R. Her argument is that this case should not be remanded because it is similar to her other case, Civil Action No. 1:24-cv-1923-SEG, *Moultrie v. FYR SFR Borrower LLC et al*, that is currently pending before this Court. This argument, however, is irrelevant to the issue of whether Defendant *in this case* has complied with the procedural requirements in 28 U.S.C. § 1446(a) and (b)[1] that must be met in order to remove a case to federal court. It is also irrelevant to the question of this Court's subject matter jurisdiction in the instant action. The Court has reviewed the R&R and agrees with the Magistrate Judge that (1) the removal petition is not properly before this Court and (2) even if it were, the Court would lack subject matter jurisdiction to consider it.

---

[1] 28 U.S.C. § 1446(a) states that "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Defendant's removal notice does not comply with this requirement as it does not include the state court complaint. Further, the documents attached to the notice of removal indicate that the removal is untimely. Ms. Moultrie was served with the state court dispossessory complaint on April 15, 2023. (Doc. 2 at 3). The removal on September 4, 2024, is therefore untimely, as it was not filed within 30 days of Defendant's receipt of the complaint. *See* 28 U.S.C. § 1446(b).

Defendant's objection (Doc. 8) is OVERRULED, and the Court ADOPTS the Magistrate Judge's R&R (Doc. 4) as the order of this Court. Plaintiff's motion to consolidate her cases is DENIED. (Doc. 7.) This case is REMANDED to the Magistrate Court of Cobb County.

**SO ORDERED** this 31st day of October, 2024.

_____
SARAH E. GERAGHTY
United States District Judge